Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiffs Henry Linares, and the proposed class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

HENRY LINARES
RODRIGUEZ, a California
resident, individually and on
behalf of the proposed class,

              Plaintiffs

              v.

HARBOR DISTRIBUTING,
LLC, a California corporation,
REYES HOLDINGS, LLC, and
DOES 1 THROUGH 10,
inclusive,

              Defendants.

Case No.:

**CLASS ACTION COMPLAINT FOR:**

1. **FAILURE TO PAY MINIMUM WAGES**
2. **FAILURE TO PROVIDE REST BREAKS**
3. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**
4. **FAILURE TO PAY OVERTIME WAGES**
5. **WAGE STATEMENT VIOLATIONS**
6. **FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES**
7. **UNFAIR BUSINESS PRACTICES**
8. **FAILURE TO REIMBURSE EXPENSES**
9. **INJUNCTION**
10. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code section 2698 et seq.)**
11. **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**DEMAND FOR JURY TRIAL**

1

Plaintiffs on behalf of himself, and the proposed class, brings the following causes of action against Defendants.

## I.     FEDERAL JURISDICTION

1.       Plaintiff's eleventh cause of action in this matter is for VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA 29 USC § 201, *et seq.*).  This court therefore also has **subject matter jurisdiction** over this matter under 28 U.S.C. §1331.

## II.     THE PARTIES

### A.     Plaintiff

2.       Plaintiff Henry Linares Rodriguez ("Plaintiff") is a California resident.  Plaintiff is a current truck driver for Defendant Harbor Distribution, LLC.

### B.     Defendants

3.       Defendant Harbor Distribution, LLC ("Harbor"), a California corporation is located in Santa Fe Springs, California, and does business throughout Southern California.  Harbor regularly and systematically does business in Los Angeles County.

4.       Plaintiff alleges on information and belief that Defendant Reyes Holdings, LLC ("Reyes") is a California corporation which owns, operates and controls Harbor.  Reyes is located in San Diego, California, and does business throughout Southern California.  Reyes regularly and systematically does business in Los Angeles County.  Reyes and Harbor are collectively referred to herein as "Defendants".

5.       The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues these DOE

Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendant(s) designated hereinafter as DOES when such identities become known.

## III.    GENERAL ALLEGATIONS

6.    Plaintiff alleges he and the proposed class were not paid for all hours worked, were regularly required to work off the clock and were not paid overtime wages earned for shifts over 8 hours and work weeks more than 40 hours in violation of the FLSA, and California Labor Code § 510. Plaintiff and the proposed class are entitled to regular pay, plus overtime pay for each overtime hour worked.

7.    Plaintiff alleges Defendants' pay policies as alleged herein resulted in a failure to pay all wages due for compensable work or work time wherein Plaintiff and the proposed class remained subject to their employer's control. This policy and practice therefore violated California Labor Code section 200-202, Labor Code section 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

8.    As a result of the Defendants' pay policies, Defendants failed to provide accurate, itemized wage statements to Plaintiff and the proposed class as required by Labor Code section 226.

9.    Defendants failed to pay all wages owed Plaintiff and the proposed class as required by Labor Code section 203. Defendants' section 203 violations include the failure to pay premium wages for missed, late, interrupted or short break periods to Plaintiff and the proposed class under Labor Code section 226.7, and corresponding IWC Wage Order 4-2001.

10. Plaintiff and the proposed class did not receive and were otherwise prevented from taking timely and uncontrolled rest breaks and meal periods. Plaintiff alleges restitution is owed to Plaintiff and the proposed class for unpaid wages for late, unprovided and interrupted meal and rest periods.

11. Plaintiff and the proposed class are also owed unreimbursed expenses from Defendants for, among other things, the purchase of personal protection equipment for their work for Defendants during the Covid-19 pandemic.

12. On May 19, 2020, Plaintiff filed a Private Attorney General Act (PAGA) complaint with California's Labor Workforce Development Agency (LWDA).

13. Plaintiff alleges that unless a class action is certified here, Defendants will retain monies received as a result of Defendants' conduct that is owed to Plaintiff and proposed class members.  Unless a class-wide injunction is issued, Defendants will continue to commit the Labor Code and FLSA violations alleged, and the proposed class members will continue to regularly suffer multiple wage and hour violations.

## IV.   CLASS ALLEGATIONS

14. Plaintiff seeks to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons in California who worked for Defendants as truck driver within the last 4 years.**

Plaintiff reserves the right to amend this class definition.

15. ***Numerosity.*** The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains hundreds of members. The precise number of proposed class members is unknown to Plaintiff.  The true number of the proposed class is known by the Defendants, however, and thus, may

be notified of the pendency of this action by first class mail, electronic mail, or by published notice.

16.     ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members.

17.     ***Typicality.*** Plaintiff's claims are typical of the claims of the proposed class.

18.     ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the members of the proposed class. Plaintiff has retained counsel experienced in complex class action litigation. Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the proposed class.

19.     ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, comprehensive supervision by a single

court, and presents no unusual management difficulties under the circumstances here.

## V.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wage, Labor Code §§ 1194, 1197 and 1197.1
### (Unpaid Minimum Wages)

26.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if set forth herein.

27.   Defendants illegally failed to pay wages and overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

28.   Plaintiff seeks for himself and the proposed class all actual, consequential and incidental losses and damages, according to proof, and also, penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay minimum wages pursuant to California Labor Code section 1197.1, liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2 and all unpaid wages and civil penalties pursuant to California Labor Code section 2699(g) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

## SECOND CAUSE OF ACTION

### Failure to Provide Rest Breaks
### (Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)

32.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

33.    By failing to provide rest periods every four (4) hours or major fraction thereof worked per workday by non-exempt employees and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

34.    By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants injured Plaintiff and the proposed class and have made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and the proposed class. On information and belief, Plaintiff alleges Defendants' failure to maintain accurate records was willful.

35.    As a result of the unlawful acts of Defendants, Plaintiff and the proposed class have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor Code

sections 201,202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

36.     Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Failure to Provide Meal Periods
### (Labor Code § 226.7 and 512)

37.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

38.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

      i.  No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…

     ii.  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

39.     Similarly, Labor Code § 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer.  Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by California law.  Therefore, Plaintiff and the proposed class are entitled to compensation as stated above, plus interest, attorneys fees, costs and other applicable relief.

40.     Throughout the period applicable to this cause of action, Defendants required Plaintiff and the proposed class to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore Plaintiff and the proposed class are entitled to be paid as stated in Labor Code § 226.7, plus interest, attorneys' fees, costs, and other applicable relief.

41.     On information and belief, Plaintiff alleges he and the proposed class did not voluntarily or willfully waive rest and meal periods and was regularly required to work through rest and meal periods.  Defendants failed to meet the requirements for lawful on-duty rest and meal periods and instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and meal periods.  As such, Defendants' non-exempt employees were intimidated or coerced into waiving rest and meal periods, and any written waivers were obtained without full disclosure and are thus involuntary and without consent.

42.     Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages
### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

43.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if set forth herein.

44.     Defendants illegally failed to pay overtime wages to Plaintiff and the proposed class, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

45.     California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over 8 in a day or 40 per week for overtime, and for over twelve hours in a day, do to pay double-time.

46.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the proposed class have sustained damages, including loss of compensation for overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

47.     Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

# FIFTH CAUSE OF ACTION

### Wage Statements Violations
### (Labor Code §226(a))

48.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

49.     Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiff and the proposed class.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiffs and the proposed class during the liability period.

50.     California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

51.     As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the proposed class are entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

52.     Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated Employees
### (Labor Code § 201-203)

53.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

54.     As of the filing of the Complaint, Defendants have failed to timely pay wages due, and Plaintiff and the proposed class are owed penalties pursuant to Labor Code sections 201, 202, 203.

55.     Defendants failed to pay Plaintiff and the proposed class, without abatement, all wages owed to Plaintiff and the proposed class within the time required by applicable law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay

said wages within the required time was willful within the meaning of Labor Code section 203.

56.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

57.     Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Unfair Business Practices

58.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

59.     The acts and practices alleged herein resulted in the Defendants' failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law.  Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be discovered in the course of litigation, and

which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

60.    The actions of Defendants in failing to pay Plaintiff and the proposed class in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

61.    Plaintiff and the proposed class are entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.

62.    As a result of Defendants' unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed class. Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiff and the proposed class the wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq.* Plaintiff is informed and believes, and on that basis allege, that Defendants are unjustly enriched through their failure to provide wages and overtime wages to Plaintiff and the proposed class.

63.     Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and the proposed class were prejudiced by Defendants' unfair trade practices.

64.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff and the proposed class are entitled to equitable and injunctive relief, including full restitution, specific performance, and disgorgement of all wages which have been unlawfully withheld from Plaintiff and the proposed class as a result of the business acts and practices alleged herein, and enjoining of Defendants to cease and desist from engaging in the practices described herein.

65.     The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed.

66.     Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendant from continuing to fail to pay all wages owed.

67.     Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

# EIGHTH CAUE OF ACTION

### Failure to Reimburse Expenses
### (Labor Code §2802)

68.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

69.    An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

70.    For purposes of section 2802, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

71.    Plaintiff alleges the he and the proposed class are owed unreimbursed expenses from Defendants, including but not limited to, reimbursement for personal protection equipment Plaintiff and the proposed class purchased for their work for Defendants during the Covid-19 pandemic.

## NINTH CAUSE OF ACTION

### Injunction

72.    Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

73.    Plaintiff seeks injunctive relief to prohibit the continuing unlawful acts alleged herein.

74.    Defendants' practices caused Plaintiff and the proposed class to suffer damages, and continue to cause wage and hour damages, fees and costs to members of the proposed class, like Plaintiff, who currently still work for Defendants.

75.    Plaintiff seeks to enjoin Defendants from continuing their ongoing wage and hour violations at Defendants' places of business.

76.    Plaintiff and the proposed class do not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

## TENTH CAUSE OF ACTION

### Violation of the Private Attorneys General Act
### (Labor Code §§ 2698)

77.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

78.     As a result of the acts alleged above, Plaintiff seeks penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802.

79.     For each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

    1.  For $100 for the initial violation per pay period.

    2.  For $200 for each subsequent violation per pay period.

80.     These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employee.

81.     Plaintiff filed a PAGA complaint online with the LDWA and served Defendants by certified mail as prescribed by the Labor Code.  Plaintiff seeks penalties pursuant to Labor Code §2699.3(a)(2)(A).

82.     Defendant has violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 as it pertains to Plaintiff and the proposed class.

83.     Plaintiff seeks PAGA penalties and attorneys fees.

## ELEVENTH CAUSE OF ACTION

### Violation of the Fair Labor Standards Act
### ("FLSA,"29 U.S.C. § 201, et seq.)

84.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

18

85.     Plaintiff and the proposed class worked for Defendants without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a). That section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

86.     Plaintiff alleges Defendants required Plaintiff and the proposed class to work without additional compensation, such as overtime pay, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

87.      Plaintiff alleges Defendants required Plaintiff and the proposed class, as part of his employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefore and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29 U.S.C. §§ 206 and 207(a)(1).

88.     Plaintiff's FLSA claims are brought not only for alleged overtime violations, but also for alleged off-the-clock and minimum wage violations as well. Indeed, in the performance of his duties for Defendants, Plaintiff and the proposed class often did work over forty hours per week, yet did not receive straight or overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

89.     Defendants' violations of the FLSA were willful and are ongoing. As a result of the foregoing, Plaintiff seeks for himself and the proposed class a judgment against Defendants for unpaid wages, including overtime wages owed by Defendants pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, inter alia, 29 U.S.C. § 216(b).

## VI.

## **PRAYER FOR RELIEF**

Plaintiff prays as follows:

1.  That the proposed class be certified and the Court determine that the failure of the Defendants to pay compensation to the Plaintiff and the proposed class is adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2.  That the Defendants are ordered to pay and judgment be entered for wages, overtime and unreimbursed expenses for Plaintiff and the proposed class according to proof;

3.  That the Defendants are ordered to pay and judgment be entered for overtime wages to Plaintiff and the proposed class according to proof;

4.  That the Defendants are ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff and the proposed class according to proof:

5.  That the Defendants are ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiff and the proposed class according to proof;

6.  That the Defendants are ordered to pay and judgment be entered for Labor Code, section 226(f) penalties to Plaintiff and the proposed class according to proof;

7.  That the Defendants are ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiff and the proposed class according to proof;

8.  That the Defendants are found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

9.  That the Defendants are ordered and enjoined to pay restitution to Plaintiff and the proposed class due to the Defendants' unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10.  That Defendants are enjoined from further acts of unfair competition and specifically from failing to pay compensation and all expense reimbursement to Plaintiff and the proposed class;

11.  That Plaintiff is awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12.  Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

13.  Prejudgment interest; and

14. Any other relief this court deems proper.

**DATED:** JUNE 21, 2020                **HAMNER LAW OFFICES, APLC**

By: Christopher J. Hamner, Esq.
Attorneys for Plaintiff and the proposed class